IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-664-FL

| | | |
|---|---|---|
| SENECA SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| LEONARD ALAN MIXON doing business as Spartan 1; WENDY ALLEN; ANGELA HARVEY; CLARENCE LUPTON; TIONNA MELENDEZ; JUDY RADFORD; EVELYN LOFTON; LAKIA DISMEL; and GAIL KANON, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for default judgment (DE 29). The time for responses has passed and, in this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted in part and denied in part.

### STATEMENT OF THE CASE

Plaintiff commenced this action on December 22, 2015, for rescission and declaratory judgment on two commercial general liability policies of insurance for which defendant Leonard Alan Mixon, doing business as Spartan 1 ("Spartan"), an alleged provider of commercial cleaning solutions, is the insured. In amended complaint, filed March 18, 2016, plaintiff seeks declaratory relief rescinding the policies and declaring that it has no obligation to defend or indemnify Spartan under the policies, due to Spartan's material misrepresentations in applications thereof, from

underlying claims against Spartan from personal injuries reported by the individually named defendants (hereinafter the "individual defendants").[1]

Upon proof of service, filed through September 30, 2016, the clerk entered default against all defendants on December 22, 2016, for failure to respond or otherwise appear. Plaintiff filed the instant motion for default judgment as to all defendants on January 6, 2017, accompanied by memorandum of law and proposed order.

## STATEMENT OF FACTS

The facts alleged in the complaint and documents attached thereto, taken as admitted for purposes of the instant motion, may be summarized as follows. On December 31, 2013, defendant Spartan executed a commercial insurance application for commercial general liability insurance policy proposed effective December 20, 2013, to December 20, 2014; and on December 19, 2014, defendant Spartan executed a commercial insurance application for commercial general liability insurance policy proposed effective from December 20, 2014 (collectively, the "applications").

In the applications, Spartan represented that it was a contractor in the business of "Building Operations . . . (Commercial Cleaning)." (DE 8-3 at 2; DE 8-4 at 2). In the applications, plaintiff expressly asked and Spartan expressly answered "No" to the question: "Do your subcontractors carry coverages or limits less than yours?" (DE 8-3 at 6; DE 8-4 at 6). In fact, Spartan allowed its

---

[1] There are eight individual defendants listed in the caption of the amended complaint and included in the docket of this case, as set forth in the caption of this order. As discussed further herein, there are specific factual allegations in the complaint only regarding seven out of eight of those individual defendants, with defendant Gail Kanon as the exception. (See Am. Compl. ¶ 16). The name Gail Kanon also is spelled "Gail Kannon" in the introductory paragraph of the complaint. (See Am. Compl. p. 1). In addition, the factual allegations in the complaint suggest that two other individuals have filed claims potentially covered by the policies at issue in the instant matter, Robina Yannuzo and Kimberly Downey. (See Am. Compl. ¶16).

2

subcontractors to carry coverages or limits less than its coverage. Spartan's subcontractors carried no liability insurance coverage at all. In the applications, plaintiff also expressly asked and Spartan expressly answered "No" to the question: "Are subcontractors allowed to work without providing you with a certificate of insurance?" (DE 8-3 at 7; DE 8-4 at 7). In fact, Spartan allowed its subcontractors to work without providing a certificate of insurance.

Pursuant to its underwriting guidelines, plaintiff will not consider issuing commercial general liability policies to contractors having 100% uninsured subcontractors. Pursuant to its underwriting guidelines, plaintiff requires its insured contractors to obtain certificates of insurance from their subcontractors. Plaintiff relied on the truth of Spartan's representations in the applications for the policies. Plaintiff had no actual or constructive knowledge of the true facts regarding Spartan's hiring of subcontractors without insurance or its hiring of subcontractors without obtaining certificates of insurance. Spartan's misrepresentations in the applications for the policies were material to plaintiff. The misrepresentations greatly increased the risk of loss to plaintiff in issuing the policies. The matters misrepresented would naturally influence and did influence plaintiff's judgment in making the insurance contracts and in estimating the degree and character of the risk.

On the basis of the applications, plaintiff issued to Spartan a commercial general liability insurance policy, number BAG-1026845, with effective dates of December 20, 2013, to December 20, 2014 (the "2013 policy"). Plaintiff renewed the 2013 Policy as policy number BAG-1026845-1, with effective dates of December 20, 2014, to December 20, 2015 (the "2014 policy") (the 2013 policy and 2014 policy, are collectively referred to as the "policies"). Plaintiff would not have issued the policies if Spartan had truthfully answered the application questions described herein above.

3

Under the terms of the policies, as summarized here only for purposes of the instant motion, plaintiff generally agrees to investigate, settle, defend, indemnify, and pay, with respect to any civil suit against Spartan, for personal injuries or property damage. (DE 8-1 at 15, 22; DE 8-2 at 15, 22). In turn, by accepting the policies, Spartan agrees in Section IV.6. of the policies that the statements in the Declarations to the policies are accurate and complete; those statements are based upon representations made to plaintiff; and plaintiff has issued the policy in reliance on Spartan's representations. (DE 8-1 at 19; DE 8-2 at 19).

Effective in or about 2014 and 2015, Spartan entered a written agreement with Preferred Services, LLC to provide floor cleaning and day porter services for approximately forty-three Harris Teeter grocery stores in eastern North Carolina (the "Spartan 1-Preferred Agreement"). In 2014 and 2015, personal injury claimants, and defendants herein, Wendy Allen, Angela Harvey, Clarence Lupton, Tionna Melendez, Judy Radford, Evelyn Lofton, and Lakia Dismel,[2] reported injuries at Harris Teeter locations where Spartan provided cleaning services pursuant to the Spartan-Preferred Agreement (hereinafter the "Underlying Claims").

The Underlying Claims were reported to plaintiff as caused by the alleged negligence of Spartan and its employees or subcontractors in the course of performance under the Spartan

---

[2] In the caption of the amended complaint, on the service affidavit, and on the court's docket, this individual defendant's name is spelled "Lakia Dismel." In the specific allegations in the amended complaint, however, her name is spelled "Lakia Desmel." (Am. Compl. ¶ 16; see also DE 8-5 at 1). The individual defendant named Tionna Melendez in the caption of the amended complaint also is spelled "Tianna McLenved" in one of the attachments to the complaint. (See DE 8-5 at 1). As noted previously in footnote one, the factual allegations in the complaint suggest that two other individuals have filed claims potentially covered by the policies at issue in the instant matter, Robina Yannuzo and Kimberly Downey. (See Am. Compl. ¶16). These two individuals, however, are not named defendants in the instant matter.

1-Preferred Agreement. Pursuant to the terms of the policies, plaintiff has investigated the Underlying Claims. Upon information and belief, in the event that any claimant in the Underlying Claims obtains a judgment in connection with litigation of the Underlying Claims, the claimants may attempt to enforce such judgment against Spartan and/or plaintiff under the policies.

On December 9, 2015, plaintiff noticed Spartan of plaintiff's intent to rescind the policies and to reserve its rights thereunder on the basis of Spartan's misrepresentations in the applications. (DE 8-5). Plaintiff also returned a premium check to Spartan in conjunction with the rescission notice. (See DE 8-5 at 2).

## COURT'S DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 55(b) allows the clerk to enter default judgment if the plaintiff's claim is for a sum certain. "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (C) investigate any other matter."

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). "The defendant is not held to admit conclusions of law," and "a default judgment may be lawfully entered only according to what is proper to be decreed upon the statements of the [complaint], assumed to be true, and not as of course according to the prayer of the [complaint]." Id. (quotations omitted).

B.  Analysis

Plaintiff seeks declaratory judgment that it is entitled to rescission of the policies, and to refuse to defend and indemnify Spartan under the policies, concerning claims raised by the individual defendants, because defendant Spartan made material misrepresentations in the applications for the policies.

Under North Carolina law, it is well established that "a misrepresentation of a material fact, or the suppression thereof, in an application for insurance, will avoid the policy even though the assured be innocent of fraud or an intent to deceive or to wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally." Thomas-Yelverton Co. v. State Capital Life Ins. Co., 238 N.C. 278, 282 (1953); see Evanston Ins. Co. v. G & T Fabricators, Inc., 740 F. Supp. 2d 731, 737 (E.D.N.C. 2010) (holding that where, in applications for commercial liability insurance, "misrepresentations were material" according to the underwriters of the policies, the insurer "may rescind the two policies under North Carolina law").

A misrepresentation is material if "the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the premium." Goodwin v. Investors Life Ins. Co. of N. Am., 332 N.C. 326, 331 (1992). Furthermore, an insurer is "under no duty, legal or equitable, to question the truth of the applicant's statements or, absent facts sufficient to put it on inquiry, to conduct an investigation to determine the truth or falsity thereof." Swartzberg v. Reserve Life Ins. Co., 252 N.C. 150, 155-56, (1960).

In this case, upon default, defendants have admitted the specific facts necessary to establishing the claim for declaratory judgment of rescission.  First, defendant Spartan submitted

6

applications for the policies containing misrepresentations regarding insurance coverage of its subcontractors. (Am. Compl. ¶¶ 20-26). These misrepresentations were material to issuance of the policies, because plaintiff will not issue policies to contractors having 100% uninsured subcontractors or no certificates of insurance. (Id. ¶¶ 27-28). Furthermore, the terms of the policies themselves establish that the misrepresentations in the applications are material to plaintiff (Id. ¶ 38).

Therefore, plaintiff is entitled to a declaratory judgment that the policies are void and it is entitled to rescission of the policies. Furthermore, where the policies are rescinded, plaintiff is entitled to a declaratory judgment that it is entitled to refuse to defend and indemnify Spartan under the policies. Such declaratory judgment extends to claims asserted by the individual defendants, except for defendant Gail Kanon, for which there are no factual allegations asserted in the amended complaint.

## CONCLUSION

Based on the foregoing, plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART. The court GRANTS plaintiff's motion for default judgment as to all claims and all defendants except defendant Gail Kanon. In particular, the court DIRECTS the clerk to enter judgment declaring that (1) the policies as defined herein are void and rescinded, and (2) that plaintiff has no obligation either to defend or to indemnify defendant Spartan under the policies, including with respect to claims asserted by defendants Wendy Allen, Angela Harvey, Clarence Lupton, Tionna Melendez, Judy Radford, Evelyn Lofton, and Lakia Dismel. Plaintiff's motion for default judgment as to defendant Gail Kanon is DENIED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

So ordered, this the 3rd day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge